## LONDON GUARANTEE & ACCIDENT CO., Limited, v. LADD.

### PREFERRED ACC. INS. CO. OF NEW YORK v. SAME.

(Circuit Court of Appeals, Sixth Circuit. June 6, 1924.)

#### Nos. 3994, 3995.

1. **Insurance ☞146(3)—Policy construed most strongly against insurer.**
   The rule that the language of a policy should be construed most strongly against the insurer, which drew it, and the reason for the rule, apply to a double indemnity clause.

2. **Insurance ☞527—Death of insured by falling down an elevator shaft held not while "riding in an elevator."**
   A clause of an accident policy providing for double indemnity in case of death or injury to insured "while riding as a passenger in a passenger elevator," *held* not to apply where insured was killed by falling down an elevator shaft, which he entered while the car was above him.

3. **Insurance ☞527—Double indemnity clause held to apply where insured was killed by falling down "elevator" shaft.**
   In a clause of an accident policy providing for double indemnity in case of death or injury while insured is "a passenger and is within a passenger elevator," the word "elevator" *held* to refer to the entire struc-

ture, and not limited to the car, or platform, and the clause *held* to apply where insured was killed by falling down an elevator shaft, which he entered with intent to ride on the elevator as a passenger.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Elevator.]

In Error to the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Action at law by Nina A. Ladd against the London Guarantee & Accident Company, Limited. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Also action by the same plaintiff against the Preferred Accident Insurance Company of New York. Judgment for plaintiff, and defendant brings error. Affirmed.

Edward Donnelly, of Detroit, Mich. (Donnelly, Hally, Donnelly & Munro, of Detroit, Mich., on the brief), for plaintiff in error London Guarantee & Accident Co.

Frank Eaman, of Detroit, Mich. (Douglas, Eaman, Barbour & Rogers, of Detroit, Mich., on the brief), for plaintiff in error Preferred Acc. Ins. Co. of New York.

Justin R. Whiting, of Jackson, Mich. (Warren, Cady, Hill & Hamblen, of Detroit, Mich., on the brief), for defendant in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

MACK, Circuit Judge. These were actions at law upon accident insurance policies to recover double indemnity under the terms thereof. The defendant insurance companies, the plaintiffs in error here, admit their liability for single indemnity, but deny that the accident occurred under circumstances bringing it within the double indemnity provisions of the policy. The pertinent provisions of the policy in the first suit are as follows:

### "Double Payments

"Part C. The amount to be paid for claims under parts A and B shall be double the sum specified in this schedule, if such injuries are sustained while riding as a passenger in a car intended for the use of passengers, and being in or upon any passenger car on a railway using steam, cable, or electricity as a motive power, or in a passenger elevator, or while traveling as a passenger on board a steam vessel licensed for the regular transportation of passengers, or are caused by the burning of a building while the assured is therein and in which he shall have been at the commencement of the fire."

"10. Double payments under part C of the schedule shall not apply to any accident or injury, fatal or otherwise, sustained while getting on or off or being upon the step or steps of any railway or street railway car."

The pertinent provisions of the policy in the second suit are as follows:

### "Double Indemnity.

"Or, if such bodily injury is sustained by means as aforesaid (1) while the insured is a passenger and is in or upon any railway (or street railway) passenger car (including the platform steps or running board thereof), or (2) while a passenger and is on board a steam vessel licensed for the regular transportation of passengers, or (3) while a passenger and is within a passenger elevator (elevators in mines excepted), or (4) if such injury is caused by the burning of a building while the insured is therein, or (5) if caused by a stroke of lightning, or (6) if caused by the collapse of the walls of a building

while the insured is therein—then the amount to be paid shall be double the sum that would otherwise be payable as provided in parts I or II or VI hereof. But any accident or injury, fatal or otherwise, sustained while getting on or off of any railway (or street railway) passenger car shall be covered only for single indemnity."

The injuries of the insured, which resulted in his death, came from falling down an elevator shaft in the Garfield Apartments in Cleveland. The elevator was of a style known as automatic, intended to be operated by the passengers. The apparatus was designed so that, in proper condition, the elevator could not be started unless all the doors were closed and locked, and so that no floor door could be opened from the outside, unless the carriage was at that door in a position to be entered. The moving platform itself had no door. There were no eyewitnesses of the accident, but, as the insured was found in the bottom of the shaft in the basement, the carriage found standing at the second floor, and the door of the shaft on the first floor found to be open, it would seem that he must have walked through the door on the first floor into the open elevator shaft. The District Judge directed a verdict for the plaintiff in each case for the double indemnity.

[1] It has been urged that the usual rules of interpretation of the language of an insurance policy most strongly against the company should not apply to a double indemnity clause. Although it is true that the social consequences of excluding the beneficiary from any recovery may be much graver than merely excluding him from the double indemnity benefits, and in a sense the double indemnity is exceptional and granted only under the specified conditions, nevertheless the double indemnity clause is but a part of a single obligation. The entire policy is drawn by the company. This provision, therefore, must be construed in the same manner as the other provisions of the policy. While the language should not be stretched or twisted in order to reach the result more liberal to the assured, it must, when susceptible of two meanings, be construed against the company. This follows because of the relative positions of the company and the assured. The former may carefully determine the provisions of its own policies, while the latter must, in considerable measure, accept the form presented to him.

While the double indemnity clause may have been intended particularly to cover accidents occurring in a comparatively safe place, or where there are special safeguards that are likely to reduce the probability of injury, no such limitation can be found in the language used. This provision, like that for single indemnity, is but a part of the contract between the company and the insured; a contract which provides for $3,750 and $7,500, respectively, in certain eventualities, and $7,500 and $15,000, respectively, in others.

The important question is whether the word "elevator" in either or both policies refers merely to the car or carriage or to the whole structure, including the carriage, hoisting machinery and shaft. In common parlance it is used in both senses. Cf. Webster's New Intern. Dict. (1922).

[2] With reference to the first policy in suit, it will be noted that the important words are "while riding as a passenger * * * in a

passenger elevator." Without unduly stretching the meaning of the expression "while riding," the term "passenger elevator," as here used, cannot be held, in our judgment, to refer to more than the car or carriage. On the facts it is clear that the insured never entered the car itself. Plaintiff's motion for a directed verdict in the first case should have been denied. That judgment will be reversed, and the cause remanded for a new trial.

[3] The important words in the second policy in suit, however, are "while a passenger and is within a passenger elevator." The word "within," unlike the words "while riding in," may fairly refer to the area within the shaft and are not necessarily confined to the car or carriage; for, while in this clause "elevator" might reasonably be held to refer either to the platform or to the entire structure, construing the policy most strongly against the company, it must be deemed to refer to the latter.

While the limitation to single liability in case of injury to one "while getting on or off a street railway passenger car" does not, of itself, furnish a basis for the implication that a similar limitation is excluded in case of injury while getting on or off a passenger elevator, inasmuch as such an express limitation was or at least was deemed necessary in view of the double liability to a passenger on the platform steps or running board of such a car, nevertheless we are of the opinion that the deceased was a passenger, within the meaning of the policy, when he actually entered the elevator in the sense in which this word is used in the policy; that is, when he entered the shaft with the intent to ride on the elevator as a passenger.

The court below properly directed a verdict in the second case, and the judgment therein will consequently be affirmed.